## SUPREME COURT OF APPEALS

*In re*: **J.G. and A.G.**

**No. 17-0438** (Jackson County 16-JA-60 & 16-JA-61)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.B., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's April 6, 2017, order terminating her custodial rights to J.G. and A.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and terminating her custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the guardian filed an abuse and neglect petition against petitioner.[2] The petition alleged that petitioner's untreated mental illness and substance abuse issues rendered her incapable of properly and safely parenting her children. Petitioner waived her preliminary hearing. In September of 2016, the circuit court held an adjudicatory hearing in which it adjudicated petitioner as an abusing parent. According to the DHHR, the circuit court noted that petitioner appeared to be under the influence of a controlled substance during the adjudicatory hearing and tested positive for methamphetamine and marijuana after the hearing. In October of 2016, petitioner filed a motion requesting a post-adjudicatory improvement period, which the circuit court granted.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian was originally appointed to represent J.G. in a juvenile delinquency proceeding. Based upon her knowledge and concerns, she filed this abuse and neglect petition and was subsequently appointed to represent both minors in this abuse and neglect proceeding.

In January of 2017, the guardian filed a motion to terminate petitioner's post-adjudicatory improvement period. In her motion, the guardian alleged that petitioner failed to participate in drug screening, mental health treatment, and parenting and adult life skills classes. The circuit court held a hearing on the guardian's motion. At the hearing, a worker from the Day Report Center testified that petitioner submitted to three out of the twenty-five drug screens requested and failed to complete her substance abuse assessment. A parenting and life skills provider testified that petitioner failed to participate in services and only visited with A.G. twice due to failed and refused drug screens. Additionally, a Child Protective Services ("CPS") worker testified that petitioner refused to participate in most of the services offered.

In February of 2017, the circuit court entered an order terminating petitioner's post-adjudicatory improvement period for non-compliance with its terms and conditions. In March of 2017, the circuit court held a dispositional hearing where it considered the DHHR's and the guardian's joint motion to terminate petitioner's custodial rights and petitioner's motion to reinstate her post-adjudicatory improvement period. Petitioner testified that she did not participate in substance abuse treatment and that she did not need such treatment. She further testified that she participated in counseling, but that she refused medication recommended by her counselor to treat her mental illness. The CPS worker testified that petitioner continued to fail to comply with services following the termination of her post-adjudicatory improvement period. The CPS worker and the guardian both testified that neither child wished for petitioner's parental rights to be terminated. Ultimately, the circuit court denied petitioner's motion to reinstate her post-adjudicatory improvement period and terminated her custodial rights in its April 6, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]Children J.G., age fifteen, and A.G., age fourteen, expressed to the CPS worker that they did not want their mother's parental rights to be terminated. The circuit court honored the children's wishes and terminated petitioner's custodial rights below. The father of the children died prior to the filing of the petition. According to the guardian and the DHHR, J.G. is currently placed in a foster home. A.G. is in a residential treatment facility. The facility is working to find an appropriate foster home following A.G.'s completion of the residential treatment program, which is projected to be in September of 2017. J.G. and A.G. visit with each other and the goal is to find a foster home where the two children can be placed together, with the ultimate goal of placement with a family willing to become the children's legal guardians.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. Petitioner asserts that she substantially complied with the terms of her post-adjudicatory improvement period because she participated in some services and was making progress. We disagree. West Virginia Code § 49-4-610 sets forth when a circuit court may terminate an improvement period. Under West Virginia Code § 49-4-610(7), a circuit court is to terminate an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period[.]" Additionally, "it is . . . within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

Here, petitioner clearly failed to fully participate in the services offered during her improvement period. During petitioner's post-adjudicatory improvement period, she failed to attend most of the requested drug screens, failed to participate in services, and only visited A.G. twice due to failed and refused drug screens. Also, petitioner admitted that she did not participate in substance abuse treatment and that she did not need such treatment. Additionally, petitioner admitted that she attended counseling, but refused to take medication recommended by her counselor to treat her mental illness. For these reasons, we find no error in the circuit court's termination of petitioner's post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in terminating her custodial rights. In support of her argument, petitioner asserts that evidence presented demonstrated that petitioner substantially complied with her post-adjudicatory improvement period. As discussed above, we find that petitioner failed to substantially comply with her post-adjudicatory improvement period and, therefore, termination of her custodial rights was appropriate. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when " '[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to participate in services, did not take most of her requested drug screens, failed to participate in substance abuse treatment, and refused medication to treat her mental illness. Based on this evidence, we find no error in the circuit court's termination of petitioner's custodial rights.

3

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 6, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker